Pro Se 7 2016

SUMMONS ISSUED SEA 2-2846

FILED        ENTERED
LODGED        RECEIVED

SEP 0 1 2023        RE

BY        AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

DR. MY NGUYEN

Plaintiff(s),

v.

DENIS MCDONOUGH,

SECRETARY,

UNTIED STATES DEPARTMENT OF
VETERANS AFFAIRS,

CASE NO. 3:23-W-05790 DGE
[to be filled in by Clerk's Office]

COMPLAINT FOR EMPLOYMENT
DISCRIMINATION

Jury Trial: ☒ Yes  ☐ No

**COMPLAINT FOR DAMAGES, DECLARATORY AND EQUITABLE RELIEF**

Plaintiff files this Complaint for Damages, Declaratory and Equitable Relief, and shows the Court as follows:

**I.    Preliminary Statement**

1.    This action seeks actual damages, declaratory, injunctive, and equitable relief, compensatory damages, and costs and attorney's fees for the discrimination and harassment suffered by My Nguyen in his treatment by Defendant.

**II.    Jurisdiction**

COMPLAINT FOR EMPLOYMENT DISCRIMINATION - 1

Pro Se 7 2016

1. This action is brought for discrimination and harassment based on national origin (Vietnamese), race (Asian), and reprisal under Title VII of the Civil Rights Act of 1964. The jurisdiction of this court is invoked to secure protection and redress deprivation of rights secured by federal law which prohibits discrimination against employees.

2. The jurisdiction of this Court is invoked pursuant to its original jurisdiction over cases and controversies arising under federal law, pursuant to 28 U.S.C. § 1331, and all prerequisites to bringing this suit have been met. This suit is properly before the court.

3. Plaintiff made timely informal Equal Employment Opportunity (hereinafter "EEO") contact regarding counseling the claims at issue in this action on April 15, 2020, and Plaintiff subsequently timely filed a formal complaint of discrimination on July 2, 2020.

4. Plaintiff received the Agency's Final Order on June 5, 2023. and this lawsuit is filed timely thereafter.

**III.    Venue**

5. This action properly lies in the United States District Court for the Western District of Washington under 29 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3).

**IV.    Parties**

6. Plaintiff was a full-time employee with Defendant at all times relevant to this Complaint.

7. Plaintiff is a resident of Lakewood, Washington 98499 and is a citizen of the United States.

8. The Defendant is a federal government agency and has offices throughout the United States, including in the Western District of Washington. Defendant is an employer, engages in an industry affecting commerce, and, upon information and belief, employs over 500 regular employees.

**V.    Facts**

9. At relevant times, Dr. My Gia Nguyen, was a C&P Physician Examiner, G-15, Step 6, VA

COMPLAINT FOR EMPLOYMENT DISCRIMINATION - 2

Pro Se 7 2016

Puget Sound Health Care System.

10. Plaintiff's national origin is Vietnamese and race is Asian.

11. Dr. Nguyen is an asset to the Agency as he is a highly skilled and qualified medical doctor dedicated to the Agency's mission and vision. Dr. Nguyen is originally from Vietnam. He went to Dartmouth College, where he studied history. He earned a law degree from Columbia University before he went on to get his medical degree from Jefferson Medical College/Sidney Kimmel Medical College and completed his residency training at Hunterdon Family Medicine Residency Program.

12. At relevant times, Plaintiff's first level/direct supervisor was Dr. Carrie LaBelle, MD, Caucasian female, and his second level supervisor was Dr. Simon Kim, Ph.D, Korean American male.

13. In July 2018, Plaintiff engaged in protected EEO activity when he filed an EEO complaint against Dr. Kim and another.

14. The EEO complaint included a claim that without justification, and although another doctor had found Plaintiff did nothing wrong, around July 2018, Dr. Kim reprimanded Dr. Nguyen for calling a claimant outside of duty hours, although a Caucasian colleague did the same and was not reprimanded.

15. It also covered that without justification Dr. Kim has proposed a 14-day suspension for Plaintiff, which the deciding official reduced to 3 days, but there should not have been any discipline.

16. In February 2020, Plaintiff was reprimanded by Dr. LaBelle for allegedly leaving their PIV card in the computer, despite the computer being secure. Other employees who acted similarly were not penalized.

17. Additionally, Plaintiff was accused of eating and drinking in their office. Other employees who acted similarly were not penalized. For instance, Dr. L. Stanton, Asian Indian female, no prior EEO activity, had visible prohibited items in her office, such as a hot teapot, and Dr. Joubert, Caucasian male, no prior EEO activity, had unpermitted exercise equipment. Yet, neither faced any reprimands.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION - 3

*Pro Se 7 2016*

18. Plaintiff's appeal was supported by Dr. Connie Morantes, who agreed that the evidence did not substantiate the charges and that other employees had also left their PIV cards without facing disciplinary action.

19. Dr. LaBelle did not have a nondiscriminatory or non-retaliatory reason for her actions.

20. In March 2020, Plaintiff was placed on a performance improvement plan by Dr. LaBelle.

21. Plaintiff's performance began to decline in December 2019 after a traumatic personal experience—the death of a tennis partner, despite attempts to administer CPR—which resulted in depression and a hospital visit.

22. Dr. LaBelle initially assured Plaintiff that his performance was acceptable given the circumstances. No indication was given that a PIP would be initiated.

23. When Plaintiff tried to address the issue with Dr. LaBelle in the presence of their union representative, Mr. Paul Nance, African American, Dr. LaBelle acted falsely as Plaintiff's representation was going to assault her and called a code green.

24. This action is alleged to be racially motivated as Plaintiff's representative was an African American male and opposing Dr. Labelle's discrimination and retaliation.

25. Dr. LaBelle has not reason to call the code green.

26. Upon information and belief, Dr. My Nguyen, a Vietnamese Asian, states was singled out for an "investigatory clean sweep" on February 10, 2020.

27. Without justification, Dr. Nguyen was placed on a Performance Improvement Plan (PIP) in March 2020.

28. Dr. Nguyen was issued an unwarranted letter of reprimand on March 25, 2020.

29. Dr. Nguyen was accused of unreasonable delays in completing medical opinions for a veteran's claims, which required 68 medical opinions. The case report totaled over 118 pages. This time given for completion was unreasonable and done to set him up for failure.

30. Despite the extenuating circumstances and the enormous workload, Dr. Nguyen was reprimanded for completing a task three hours after the deadline set by Dr. LaBelle. She

COMPLAINT FOR EMPLOYMENT DISCRIMINATION - 4

*Pro Se 7 2016*

required it be completed today, and Plaintiff submitted before leaving at 3 a.m. the next day.

31. Pretextually, Plaintiff was charged for the same offense twice.

**Count I: Violation of Title VII of the Civil Rights Act of 1964 based on race (harassment and disparate treatment).**

32.     Plaintiff incorporates by reference the proceeding paragraphs of this complaint as if fully set forth herein.

33.     Any employment actions were not free from discrimination based on race (Asian) and/or were because of race (Asian).

34.     The harassment was severe and/or pervasive.

35.     The harassment was based on race (Asian).

36.     The harassment was unwelcome.

37.     The harassment caused Plaintiff damages for which Defendant is responsible.

38.     Defendant subjected Plaintiff to discrimination and related harassment in violation of Title VII, causing Plaintiff damages.

**Count II: Violation of Title VII of the Civil Rights Act of 1964 based on reprisal (harassment and disparate treatment).**

39.     Plaintiff incorporates by reference the proceeding paragraphs of this complaint as if fully set forth herein.

40.     Any employment actions were not free from discrimination based on reprisal and/or were because of reprisal.

41.     The harassment would have dissuaded a reasonable employee from engaging in protected activity.

42.     The harassment was based on reprisal.

43.     The harassment was unwelcome.

44.     The harassment caused Plaintiff damages for which Defendant is responsible.

Pro Se 7 2016

45.    Defendant subjected Plaintiff to discrimination and related harassment in violation of Title VII, causing Plaintiff damages.

**Count III: Violation of Rehabilitation Act based on national origin (harassment and disparate treatment).**

46.    Plaintiff incorporates by reference the proceeding paragraphs of this complaint as if fully set forth herein.

47.    Any employment actions were not free from discrimination based on national origin (Vietnamese) and/or were because of national origin (Vietnamese).

48.    The harassment was severe and/or pervasive.

49.    The harassment was based on national origin (Vietnamese).

50.    The harassment was unwelcome.

51.    The harassment caused Plaintiff damages for which Defendant is responsible.

52.    Defendant subjected Plaintiff to discrimination and related harassment in violation of Title VII, causing Plaintiff damages.

53. **Prayer for Relief**

54.    Wherefore, Plaintiff prays that this Court:

a.    declare the conduct engaged from the Defendant to be in violation of his rights;

b.    enjoin the Defendant from engaging in such conduct;

c.    award Plaintiff actual and compensatory damages;

d.    award Plaintiff costs and attorney's fees; and

e.    grant such other relief as it may deem just and proper.

**Jury Demand**

55.    Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

Respectfully submitted today,

COMPLAINT FOR EMPLOYMENT DISCRIMINATION - 6

*Pro Se 7 2016*

Dr. My Nguyen

5007 87th Street Court, S. W.

M-107

Lakewood, WA 98499


PRO SE

COMPLAINT FOR EMPLOYMENT DISCRIMINATION - 7